UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:13-CV-257-D

WILLIE COLLINS and LARRY EDGERTON, )
both individually and behalf of all )
other similarly situated persons, )
                                   )
              Plaintiffs,          )    **ORDER FOR**
                                   )
v.                                 )    **CLASS CERTIFICATION**
                                   )
COVENANT TRUCKING COMPANY,         )
INCORPORATED, JOE N. JONES, WENDY C. )
JONES, and CARLTON JONES,          )
                                   )
              Defendants.          )
_____)

This matter is before the Court on the Joint Motion by the named plaintiff, defendants Covenant Trucking Company, Incorporated, Joe N. Jones, Wendy C. Jones, and Carlton Jones (hereinafter referred to as "the Covenant defendants") in furtherance of their settlement agreement to Certify This Action As a Rule 23(b)(3) and FLSA collective action. In support of their joint motion, the parties have filed a joint memorandum of law.

The Court has reviewed all of the relevant pleadings and exhibits in the record concerning this motion and has determined that the named plaintiffs have met their burden of proof under 29 U.S.C. §216(b) and Rule 23(b)(3), Fed.R.Civ.P., to have the plaintiffs' First and Second Claim for Relief (Doc. 1 at 6-10 (¶¶16-22), at 12-18 (¶¶26-32), at 23-26 (¶¶41-44), at 28-31 (¶¶53-61) and at 32-33 (¶¶64-69), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the North Carolina Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§95-25.1 et seq. certified for settlement purposes as a collective action under 29

1

U.S.C. § 216(b), and a class action under Rule 23(b)(3) against the Covenant defendants for the time period from April 8, 2010 through December 31, 2013. Collective action certification is allowed under §216(b) for only those persons who have filed a written Consent to Sue pursuant to 29 U.S.C. §216(b) on or before the date this Court files any Order approving the terms of the proposed settlement between the named plaintiff, the class and collective action he has been certified to represent, and the Covenant defendants.

The Second Claim for Relief alleged against the Covenant defendants by the named plaintiffs and the members of the FLSA collective action they seek to represent is a collective action for liquidated damages under the FLSA, 29 U.S.C. §§206(a) and 216(b). In that Second Claim for Relief against the Covenant defendants, the plaintiffs seek liquidated damages based on the alleged failure of defendants Covenant Trucking Company, Incorporated, Joe N. Jones, Wendy C. Jones, and Carlton Jones (hereinafter referred to as the "Covenant defendants") to pay wages at the overtime rate required by 29 U.S.C. § 207(a) to the plaintiffs and all members of the collective group of persons defined in ¶¶16-22 of the Complaint as follows:

> All dump truck drivers employed by one or more of the Covenant defendants for at least one month at any time in the time period starting with the first workweek ending on or after April 11, 2010 through the date final judgment is entered in this action, who were paid at less than the overtime rate required by the FLSA for all hours worked for any workweek in that same time period in which any such driver(s) was employed in excess of 40 hours in the same workweek.

Complaint, Doc. 1 at 6 and 8-9 (¶¶16-17 and 19-20).

The First Claim for Relief alleged against those same defendants is a statutory claim for back wages and liquidated damages under the NCWHA, N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), 95-25.22(a), and 95-

2

25.22(a1) based upon the Covenant defendants' failure to pay promised wages to the plaintiffs and the class members at the promised wage rate the defendants disclosed to them pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) and 13 N.C.A.C. Tit.12 § .0803. In that First Claim for Relief against the Covenant defendants, the named plaintiffs seek payment of back wages and liquidated damages based on the Covenant defendants' alleged use of a number of different employment practices with respect to payment of promised wages that resulted in the underpayment of promised wages to the named plaintiffs and all members of the Rule 23(b)(3) class of persons defined in ¶¶26-28 of the Complaint as follows:

> All dump truck drivers employed by one or more of the Covenant defendants for at least one month at any time in in the time period starting with the first workweek ending on or after April 8, 2011 through the date final judgment is entered in this action, and who were not paid all wages when due at the hourly wage rate disclosed to them pursuant N.C.Gen.Stat. §§ 95-25.13(1)-(2) for all hours worked in those same workweeks regardless of the total of hours worked in any such workweek.

Plaintiffs' Motion for Class Certification (Doc. 43 at 1 (¶(1)).

Pursuant to the terms of a settlement of this action between the parties, the parties have stipulated to class certification of the plaintiff's NCWHA claim for the time period from April 8, 2011 through December 31, 2013, the last date on which the Covenant defendants employed any new dump truck driver not already covered by the terms of the Settlement Agreement described in this Order. Based upon that stipulation and other evidence before the Court, the Court finds that the plaintiffs' NCWHA stipulated class consists of more than 40 persons that are listed in Doc. 42-29 filed with the Court. To date, the named plaintiffs have filed a written consent to sue under 29 U.S.C. §216(b) and there are seven (7) other "similarly situated" members of the FLSA

3

collective action who have filed Consents to Sue pursuant to 29 U.S.C. § 216(b) that the named plaintiffs seek to represent against the Covenant defendants. Some of the NCWHA and FLSA collective action members are employed in transient, long haul trucking or reside in another state.

The Court finds that the named plaintiffs and the workers in the FLSA collective action of employees that the plaintiffs seek to represent under 29 U.S.C. § 216(b) are "similarly situated" within the meaning of 29 U.S.C. §216(b), and are sufficiently numerous to warrant collective action certification under that statute. *Bulmaro Ceras-Campo, et al. v. WF Partnership, et al.*, Civil Action No. 5:10-CV-215-BO (E.D.N.C. Order of Class Certification filed May 11, 2012)(Doc. 43-2), at 3-4; *Vincente Jimenez-Orozco v. Baker Roofing Co.*, Civil Action No. 5:05-CV-34-FL, 2007 U.S.Dist.LEXIS 93860, at *9 (E.D.N.C. Order filed Dec. 21, 2007); *Leyva v. Buley*, 125 F.R.D. 512, 514-15 (E.D.Wa. 1989). *See also Haywood v. Barnes*, 109 F.R.D. 568, 576-77 (E.D.N.C. 1986)(citing case authority in which classes composed of as few as 18 persons were certified under Rule 23(b)(3), Fed.R.Civ.P.). The Court also agrees with the factual allegations in ¶28 of the Complaint (Doc. 1 at 14) and finds that the class of persons that the named plaintiff seeks to represent under Rule 23(b)(3), Fed.R.Civ.P., with respect to their First Claim for Relief under the NCWHA (Doc. 1 at 12-18 (¶¶26-32), at 23-26 (¶¶41-44), at 28-31 (¶¶53-61) and at 32-33 (¶¶64-66), pursuant to the North Carolina Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§95-25.1 et seq., is sufficiently numerous and adequately defined to meet the standard for numerosity set forth in Rule 23(a)(1), Fed.R.Civ.P. *Id*.

In addition, the Court finds under Rule 23(a)(2), Fed.R.Civ.P., that the questions of law or fact common to the NCWHA class alleged in

4

¶¶29-30 of the Complaint (Doc. 1 at 14-17) do exist with respect to the individual claims by the named plaintiffs set forth in First Claim for Relief under the NCWHA that is alleged in the plaintiffs' Complaint. *See Vincente Jimenez-Orozco v. Baker Roofing Co.*, Civil Action No. 5:05-CV-34-FL, 2007 U.S.Dist.LEXIS 93860, at *9-*11 (E.D.N.C. Order filed Dec. 21, 2007); *Leyva v. Buley*, 125 F.R.D. 512, 514-15 (E.D.Wa. 1989); *Haywood v. Barnes*, 109 F.R.D. 568, 576-77 (E.D.N.C. 1986). Similarly, for the reasons stated in ¶31 of the Complaint (Doc. 1 at 17-18), the claim of the named plaintiffs under the NCWHA are typical of the NCWHA claim of the class members that the named plaintiffs seek to represent. *See Jimenez-Orozco v. Baker Roofing Co.*, supra, 2007 U.S.Dist.LEXIS 93860, at *11-*12, *Leyva v. Buley*, supra; *Haywood v. Barnes*, 109 F.R.D. at 577-78.

The court's determination on typicality is based upon evidence that indicates that the named plaintiffs allege that the Covenant defendants, as the employer of the named plaintiffs and the class they seek to represent, allegedly did not pay them wages at the rate that the Covenant defendants disclosed pursuant to N.C.Gen.Stat. §§95-25.13(1)-(2) for various workweeks when those wages were due for the driver work that they performed in the time period beginning on April 8, 2011 and ending with December 31, 2013. This finding of typicality is further supported by the plaintiffs' allegation and documentary evidence that the Covenant defendants violated their disclosures under N.C.Gen.Stat. §§ 95-25.13(1)-(2) with the named plaintiffs and the class they seek to represent to pay wages when due (in their alleged capacity as employers of the plaintiffs and the class) at the promised and disclosed rate in violation of G.S. §95-25.6 based upon the Covenant defendants' use of a number of employment practices with respect to payment of promised wages

5

that are documented by a series of Declarations and wage records that the plaintiffs have presented to the Court. The commonality or similarity that the named plaintiffs share with those class members they seek to represent lies in the fact that the issues raised in the claims of the named plaintiffs are common to those of the persons whom they seek to represent with respect to the following issues:

(1) Whether the Covenant defendants maintained an unwritten and unannounced practice and policy of the Covenant defendants concerning promised wages in which the Covenant defendants departed from their regular time-counting procedure for counting the time recorded on each driver employee's timecard of rounding the **punch out** time to the nearest quarter hour, and instead reducing that time by always rounding that time **down** when the elapsed time between the time marked the shift-ending fuel receipt and the punch out time marked on the employee's time card exceeded 10 minutes?

(2) Whether the Covenant defendants deducted from the elapsed time between the moment in time that the named plaintiffs and other similarly situated drivers punched in their time card to start recorded work time and the moment in time that the punched out his time card at the end of his shift by arbitrarily denying credit for all hours worked by deducting or not counting anywhere from 15 minutes of "no pay" time to hours of "no pay" time from the elapsed time between punch in and punch

6

out clock time recorded on each driver employee's timecard?

(3) Whether the Covenant defendants failed to count and compensate as work time certain "off-the-clock", pre-trip inspection work?

(4) Whether the Covenant defendants failed to count and compensate as work time certain "off-the-clock", post-trip inspection work described in Covenant's Driver's Handbook & Safety Manual that is described in Doc. 1 (¶17(b)) and Doc. 43 at 3 (¶(4)A.)(Plaintiffs' Rule 23 Motion)?

The named plaintiffs are adequate representatives of the class under Rule 23(a)(4), Fed.R.Civ.P. Present counsel for the plaintiffs are experienced attorney who have litigated other class actions. *See, e.g., Bulmaro Ceras-Campo, et al. v. WF Parnership, et al., supra* (Robert J. Willis counsel for class action involving more than 100 H-2A workers); *Jimenez-Orozco v. Baker Roofing Co., supra* (Robert J. Willis counsel for class action involving close to 1,000 workers); *Haywood v. Barnes*, 109 F.R.D. at 573 and 579 (Robert J. Willis acts as counsel for class action involving almost 800 migrant workers). An affidavit of lead counsel demonstrates that the named plaintiffs have maintained their interest in this litigation and made themselves available to plaintiff's counsel throughout this litigation, have provided sworn Declarations and detailed responses to interrogatory and document discovery requests from the Covenant defendants. Therefore, the Court finds that all of the requirements of Rule 23(a) for certification of class action have been met. Having made this determination, the Court further determines that

7

questions of law or fact common to the class members in the plaintiffs' NCWHA class claim predominate over any questions affecting only individual class members, and that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. *See Jimenez-Orozco v. Baker Roofing Co.*, supra, 2007 U.S.Dist.LEXIS 93860, at \*13-\*15, *Leyva v. Buley*, supra; *Haywood v. Barnes*, 109 F.R.D. at 577-78. This finding is based upon the total absence of any questions of fact affecting any individual class members with respect to the NCWHA claim of the NCWHA class members and the four (4) common issues enumerated in pages 6-7 above of this Order that the named plaintiffs and the NCWHA class members all share.

Accordingly, the joint motion for certification of the plaintiffs' First Claim for Relief under the NCWHA as a class action under Rule 23(b)(3), Fed.R.Civ.P., is GRANTED for the time period from April 8, 2011 through December 31, 2013 for those persons included in the class definition set forth above. The joint motion for class certification of the FLSA collective action that is defined above under the FLSA is also GRANTED with respect to all those persons who have filed a written Consent to Sue under 29 U.S.C. §216(b) on or before the date on which the Court files any Order approving the terms of the proposed settlement between the named plaintiffs and the Covenant defendants.

The named plaintiffs shall provide written notice of this certification of both the Rule 23(b)(3) class and the statutory class under 29 U.S.C. §216(b) and the terms of the proposed settlement of that Rule 23(b)(3) class and statutory class in a Notice to be approved by this Court in English. That Notice shall then be translated into Spanish for distribution to all putative class and collective action members by U.S. Mail, first class delivery, postage prepaid, to the

8

valid, last known address of each class and collective action member on or before the date falling thirty (30) days after the date on which the Court approves the content and method of notice distribution to those class and FLSA collective action members in this case. To facilitate the direct mailing to the members of the class and FLSA collective action that the Court has certified in this Order, the Covenant defendants shall provide the plaintiff's counsel with any information in the possession of any of the Covenant defendants as to the valid, last known mailing address of each class member within fifteen (15) days of the date of this order to allow the plaintiffs to provide that notice. In addition, within sixty (60) days after the date on which the Court approves the content and method of notice distribution to the class and collective action members in this case, the Covenant defendants shall provide by hand delivery a summary of the Notice to Class approved by the Court to each member of the class and/or FLSA collective action certified by the Court who is employed by one or more of the Covenant defendants to work under the H-2A program in 2014 where that member(s) continues to be an employee of defendant Covenant Trucking Company, Incorporated.

IT IS SO ORDERED.

DONE and ORDERED at __Raleigh__, North Carolina, this the __22__ day of __April__, 20__14__.

_____
UNITED STATES DISTRICT COURT JUDGE

Exhibit 1

A.  This Settlement Agreement ("Agreement") is made between plaintiffs Willie Collins and Larry Edgerton and defendants Covenant Trucking Company, Inc., Joe N. Jones, Wendy C. Jones and Carlton Jones (hereinafter referred to as "the Covenant defendants") for the purpose of settling the various claims, controversies and disputes among these parties arising out of the facts and circumstances relating to litigation styled as *Willie Collins and Larry Edgerton, et al. v. Covenant Trucking Company, Inc., Joe N. Jones, Wendy C. Jones, and Carlton Jones*, Civil Action No: 5-13-CV-257-D (E.D.N.C. Complaint filed April 8, 2013) (hereinafter referred to as the "Lawsuit").

B.  In the Lawsuit, Plaintiffs asserted claims against the Covenant defendants for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., and the North Carolina Wage and Hour Act, N.C.G.S. § 95-25.1, et seq.

C.  The mediation of this case was conducted on January 31, 2014, by M. Robin Davis and the parties reached the following agreement:

1.  The parties agree to file a joint motion and supporting memorandum for preliminary and final approval of class certification for settlement purposes under Rule 23(b)(3), Fed. R. Civ. P, for the following class and collective action certification pursuant to 29 U.S.C. § 216(b) of the following collective action:

    a.  <u>Rule 23(b)(3) Settlement Class</u>:

    All dump truck drivers employed by one or more of the Covenant defendants for at least one month at any time in the time period starting with the first workweek ending on or after April 8, 2011 through the date final judgment is entered in this action, and who were not paid all wages when due at the hourly wage rate disclosed to them pursuant N.C.Gen.Stat. §§ 95-25.13(1)-(2) for all hours worked in those same workweeks regardless of the total of hours worked in any such workweek.

Plaintiffs' Motion for Class Certification (Doc. 43 at 1 (¶(1))).

Page 1 of 9

b.  FLSA Collective Action:

All dump truck drivers employed by one or more of the Covenant defendants for at least one month at any time in the time period starting with the first workweek ending on or after April 11, 2010 through the date final judgment is entered in this action, who were paid at less than the overtime rate required by the FLSA for all hours worked for any workweek in that same time period in which any such driver(s) was employed in excess of 40 hours in the same workweek.

Complaint, Doc. 1 at 6 and 8-9 (¶¶16-17 and 19-20).

2.  Defendants will pay to and/or on behalf of Plaintiffs the aggregate sum of Ninety-Two Thousand Dollars $92,000.00 ("Settlement Amount"). The Settlement Amount will be allocated among the named Plaintiffs, the unnamed Plaintiffs who have filed Consents/Declarations, the as yet unnamed Plaintiffs who have not yet filed Consents (including any reversion amounts), Costs and Attorneys' Fees as follows:

   a.  Willie Colllins, named plaintiff - $7,764.00

   b.  Larry Edgerton, named plaintiff - $5,520.00

   c.  Albert Jackson, declarant & consenting person - $1,422.00

(calculated at $79/month for 18 months of covered employment by Covenant defendants).

   d.  Pete McKinnon, declarant & consenting person - $2,212

(calculated at $79/month for 28 months of covered employment by Covenant defendants).

   e.  Bennie Yarborough, declarant & consenting person - $2,2212.00

(calculated at $79/month for 28 months of covered employment by Covenant defendants).

   f.  Mark Hargrove, Sr., declarant & consenting person - $592.50

(calculated at $79/month for 7.5 months of covered employment by Covenant defendants).

   g.  Derrick Carter, declarant & consenting person - $592.50

(calculated at $79/month for 7.5 months of covered employment by Covenant defendants).

h.     Dietrich Thompson, declarant & consenting person - $1,185.00 (calculated at $79/month for 15 months of covered employment by Covenant defendants).

i.     Eight thousand eight hundred dollars and no cents ($8,800.00) for putative members of settlement class and Donald Ray Smith funded and payable at rate of $10.73 for each month worked for 41 months for estimated 20 regularly employed drivers.

j.     Seven thousand seven hundred dollars and no cents ($7,700.00) for payment of out-of-pocket litigation expenses paid by plaintiffs' counsel to date.

k.     Fifty-four thousand dollars ($54,000.00) for payment of attorney fees to the Law Office of Robert J. Willis, P.A. and The Law Office of Michael Jacula, P.C., with seventy-five percent (75%) of that amount payable to the Law Office of Robert J. Willis, P.A. and twenty-five percent (25%) of that amount payable to the Law Office of Michael Jacula, P.C.

3.     For tax purposes, payments allocated to the named Plaintiffs and the 6 additional persons named in ¶¶C.2.d.-i. above who have, as of the date of this Agreement completed Consents and Declarations, 50% of the payment shall be treated as wages, and the Covenant defendants will take normal and ordinary payroll withholdings from the payment amount. The remaining 50% of any payments shall be paid without withholding. The Covenant defendants will issue W-2 and/or 1099 reports to all persons who receive settlement payments, as required by law.

4.     The Settlement Amount will be paid on the following schedule: $30,000 paid within 30 days of the Order of the Court approving the Settlement; the balance payable at the rate of $5,000 per month on the last business day of each month thereafter until paid in full.

Page 3 of 9

Case 5:13-cv-00257-D   Document 57   Filed 04/22/14   Page 12 of 18

5. The Settlement Amount will be payable pursuant to Consent Judgment and Order, to be approved by all counsel.

6. The named Plaintiffs and the Covenant defendants will enter into a Settlement Agreement and Consent Judgment that will contain terms typical to such agreements as well as the following consent decree provisions:

- Down time will be added to hours worked for purposes of determining overtime

- Employees will be notified in writing by the next business day on which they work if their pay is docked and the reason the pay is being docked. This will be recorded on the daily employee production sheets or time cards by the employer on the day that the employer (or any lead person designated by the employer) observes the basis for the deduction. This shall not be construed to limit the employers' right to discipline employees for work violations including time card violations.

7. The parties have agreed to the following terms and conditions of settlement on behalf of the members of the class and collective action for which they have agreed to file the Joint Motion that is described in ¶C.1. above of this Settlement Agreement:

    a. Upon final approval of the terms of this Settlement Agreement by the Court, payment to the named plaintiff and each class and/or collective action member entitled to compensation under one or more paragraph of this Settlement Agreement shall be entitled to receive that compensation by provision to the office of Robert J. Willis, P.O. Box 1269 Raleigh, NC 27601, fax number (919) 821-1763, e-mail address: ycaceres@rjwillis-law.com, by facsimile, U.S. Mail, and/or e-mail of a copy of a government-issued photographic identification such as driver's license of the named plaintiffs and each such class and/or collective action member within the time period set and approved by the Court for the submission of that document. Subject to the availability of funds received from Covenant defendants pursuant to

Page 4 of 9

the provisions of ¶¶C.2.a.-i. and C.4. above of the Settlement Agreement, claims shall then be paid as they come in to the Law Office of Robert J. Willis, P.A. with the costs of transmission to each such claimant by any form other than U.S. Mail, postage prepaid, first class delivery, or in-person delivery in-person delivery at the Law Office of Robert J. Willis, P.A. in Raleigh, North Carolina or the Law Office of Michael Jacula, P.C. in Wake Forest, North Carolina to be deducted from the amount each class and/or collective action member is due.

    b.  One hundred percent (100%) of any unclaimed proceeds after the time period established and approved by the Court for Rule 23(b)(3) and FLSA collective action members to claim any payment of compensation due under the terms of this settlement shall revert to the Farm Labor Research Project d/b/a the Campaign for Migrant Worker Justice ("CMWJ"), a § 501(c)(3) non-profit charitable corporation organized to provide education and support services to migrant and seasonal agricultural workers.

    c.  The parties to this agreement shall file a joint motion and supporting memorandum for:

      (i)  approval of preliminary and final notices to the members of the putative class and collective action regarding any Order the Court may enter with respect to certification of this action as a class and/or collective action and its preliminary or final approval of the terms of this settlement,

      (ii)  the method of distribution to be used to distribute any notice to the putative and/or actual members of the class and/or collective action described in ¶C.1. above of this Settlement Agreement pursuant to Rule 23(c)(2), Fed.R.Civ.P., and/or 29 U.S.C. § 216(b).

8.    After payment of all of the sums provided herein, the Covenant defendants, their predecessors, successors, affiliates, agents, employees, officers, directors, attorneys, assigns, and each of them, is released, acquitted, dismissed, and forever discharged for any and all claims, demands, costs, causes of action, demands, damages (actual and punitive), costs, judgments, expenses, liabilities, attorneys fees and legal costs, injunctive or declaratory relief, whether known or unknown, whether in law or in equity, whether in tort or in contract, of any kind or character, of the plaintiff, or of the members of the Rule 23(b)(3) and FLSA collective action members, by reasons of any matter, known or unknown, arising from, or relating in any way to the matters described in the Lawsuit, except that the parties reserve the right to bring all necessary actions to enforce the obligations incurred by the Covenant defendant pursuant to this Settlement Agreement or any other document executed pursuant to this Settlement Agreement.

9.    The Covenant defendants have denied and continue to deny any liability. Nothing in this agreement shall constitute any admission or evidence of any violation of the law or other wrongful activity.

10.    Plaintiffs' Counsel shall be responsible to draft the Settlement Agreement, the Consent Judgment, the Joint Motion for Approval of Settlement and all necessary accompanying documents, all of which shall be subject to the review and approval of counsel for Defendants.

11.    The Parties agree that the Joint Motion for Approval of Settlement and all necessary documents will be completed and filed with the Court no later than sixty (60) days from the date of this Agreement.

12. Each Party shall be responsible for ½ of the mediator's fee.

13. The named plaintiffs Willie Collins and Larry Edgerton and the Covenant defendants wish to resolve all claims and controversy between them arising out of this action and hereby enter into this Agreement for that express purpose.

D. **Binding.** It is understood and agreed by the parties that this Agreement shall be binding and inure to the benefit of the Plaintiffs and the Covenant defendants and their respective, heirs, representatives, successors and assigns.

E. **Authority.** Plaintiffs' Counsel and Counsel for the Covenant defendants each affirm that they have full authority to bind the respective parties whom they represent in this action and to enter into this Agreement on behalf of those parties.

F. **Modification.** This Agreement may be modified only by a written document signed by all parties that makes specific reference to this Agreement.

G. **Multiple Originals and Counterparts.** This Agreement may be executed in multiple originals and separate counterparts each of which shall constitute an original and all of which taken together shall constitute the whole Agreement.

_____
Plaintiff, Willie Collins
Date: 3-20-14

_____
Plaintiff, Larry Edgerton
Date: 3/20/14

_[signature]_  
Defendant, Joe N. Jones

_[signature]_  
Defendant, Carlton Jones

By: _____  
Printed Name: _____

Date: 3/14/2014

_[signature]_  
Defendant, Wendy C. Jones

_Covenant Trucking Company, Inc._  
Defendant, Covenant Trucking Company, Inc.

By: _Wendy C. Jones_  
Title: _Vice-President_

ACKNOWLEDGED AND AGREED:

_____
Robert J. Willis, Esq,
Attorney for Plaintiffs

_____
Theodore C. Edwards, II, Esq,
Attorney for Defendants

_____
Michael J. Jacula, Esq.
Attorney for Plaintiffs

Date: 3/25/2014