UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No.: 5:13-CV-257-D

| | |
|---|---|
| WILLIE COLLINS and LARRY EDGERTON, both individually and behalf of all other similarly situated persons,<br><br>Plaintiffs;<br><br>v.<br><br>COVENANT TRUCKING COMPANY, INCORPORATED, JOE N. JONES, WENDY C. JONES, and CARLTON JONES,<br><br>Defendants. | **ORDER APPROVING CLASS ACTION SETTLEMENT** |

This matter is before the court on the parties' joint motion for final approval of settlement and notice to class and claims forms. Doc. 64. Following preliminary approval of settlement granted by court order filed April 22, 2014, a fairness hearing to determine final approval was held before the undersigned on September 4, 2014, in Raleigh, North Carolina. Doc. 56 and Doc. 58 at 2. Having reviewed the record, heard arguments from the parties, and granted class members an opportunity to voice any objections to the proposed settlement, these issues raised are ripe for adjudication.

## BACKGROUND

This is a hybrid FLSA and NCWHA collective and class action filed on April 8, 2013 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the North Carolina Wage and Hour Act ("NCWHA"), N.C.Gen.Stat. §§ 95-25.1 et seq. In the Complaint, the plaintiffs alleged three (3) separate collective actions under the FLSA against Covenant Trucking Company, Incorporated, Joe N. Jones, Wendy C. Jones, and Carlton Jones (hereinafter referred to as the "Covenant defendants"). *See* Doc. 1 at 6-12 (¶¶16-25). The first

1

FLSA collective action is based upon alleged uncompensated or undercompensated work that the plaintiffs and the members of that alleged collective action performed off the clock before the start of the recorded work day, during the work day, and after the end of the recorded work day. *See* Doc. 1 at 6-7 (¶¶16-17). The second FLSA collective action is based upon alleged uncompensated or undercompensated overtime work that the plaintiffs and the members of that alleged collective action performed hours worked when the Covenant defendants compensated them on a per trip basis according to a compensation plan for which those defendants either did not have the approval of the U.S. Department of Labor ("DOL") or which did not comply with the terms of any such approval as required by 29 U.S.C. § 213(b)(11) and 29 C.F.R. §§ 551.1 et seq. *See* Doc. 1 at 9-10 (¶¶20-21). The third FLSA collective action is based upon alleged uncompensated or undercompensated work that the plaintiffs and the members of that alleged collective action performed hours worked when the Covenant defendants made certain deductions from the amount of wages due the plaintiffs and the members of that alleged collective action for various items that were not primarily for the benefit of the plaintiffs and those same workers. *See* Doc. 1 at 10-12 (¶¶23-24). Both named plaintiffs have since withdrawn this third FLSA claim for relief. *See* Doc. 44-35 at 10 (response to interrogatory #10 by plaintiff Edgerton); and Doc. 45-1 at 10 (response to interrogatory #10 by plaintiff Collins).

In the Complaint, the plaintiffs also alleged two (2) separate class actions under the NCWHA against the Covenant defendants pursuant to Rule 23(b)(3), Fed.R.Civ.P. *See* Doc. 1 at 12-23 (¶¶26-40). The first NCWHA class action is based upon the failure of the defendants to pay all wages when due under N.C.Gen.Stat. § 95-25.6 at their regular hourly rate disclosed to them by those defendants pursuant to N.C.Gen.Stat. §§ 95-25.13(1)-(2) for all hours worked that the plaintiffs and the members of that alleged class action performed off the

2

clock before the start of the recorded work day, during the work day, and after the end of the recorded work day. *See* Doc. 1 at 12-14 (¶26). The second NCWHA class action is based upon the alleged failure to pay all wages when due as required by N.C.Gen.Stat. §§ 95-25.6 and 95-25.8(b)(2)-(3) based upon certain illegal wage deductions that the Covenant defendants allegedly made from the total amount of wages due the plaintiffs and the members of the class they seek to represent. *See* Doc. 1 at 18-19 (¶33). Both named plaintiffs have since withdrawn this second NCWHA claim for relief. *See* Doc. 44-35 at 10 (response to interrogatory #10 by plaintiff Edgerton); and Doc. 45-1 at 10 (response to interrogatory #10 by plaintiff Collins).

On April 1, 2014, the parties filed joint motion to certify class and collective action which the Court granted by Order filed on April 22, 2014. Doc. 50 and Doc..57. The parties' joint motion for preliminary approval of class settlement was approved by this Court by Order filed on April 22, 2014. Doc..56. The Court then filed an Order approving the content of the notice to class and methods of distribution of class notice on April 22, 2014. Doc. 58. Based upon these Orders, the parties have proceeded.

Pursuant to notice, a fairness hearing was held September 4, 2014, at Raleigh, North Carolina. Doc. 58 at 2. Plaintiff was represented at hearing by class co-counsel Robert J. Willis and Michael Jacula, and defendants were represented by Theodore C. Edwards, II. No written objections were received by the Court by the August 1, 2014 deadline for submitting written comments to the proposed Settlement Agreement or before that September 4, 2014 fairness hearing. In addition, no one appeared at the September 4, 2014 fairness hearing to object to the proposed Settlement Agreement.

3

COURT'S DISCUSSION

Rule 23(e) provides that a class action "shall not be ... compromised without approval of the [district] court ...." Fed. R. Civ. P. 23(e). To this end, "the role of a court reviewing the proposed settlement of a class action under Fed. R. Civ. P. 23(e) is to assure that the procedures followed meet the requirements of the Rule and comport with due process and to examine the settlement for fairness and adequacy." Ultimately, approval of a class action settlement is committed to "the sound discretion of the district courts to appraise the reasonableness of particular class-action settlements on a case-by-case basis, in light of all the relevant circumstances." *Evans v. Jeff D.*, 475 U.S. 717, 742, 106 S. Ct. 1531, 89 L. Ed.2d 747 (1986). However, "there is a strong initial presumption that the compromise is fair and reasonable." *South Carolina Nat'l Bank v. Stone*, 139 F.R.D. 335, 339 (D.S.C. 1991). The Fourth Circuit has held that "it is entirely in order for the trial court to limit its proceedings to whatever is necessary to aid it in reaching an informed, just and reasoned decision." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir.1975), *cert. denied*, 424 U.S. 967, 96 S. Ct. 1462, 47 L. Ed. 2d 734 (1976).

At the fairness hearing, the court made inquiry as to whether there was any objection to the overall terms of the proposed settlement, or the amount thereof. Out of a noticed class of slightly over one hundred persons, the court received no objections. Based upon the court's review of the terms of that settlement and its application of the legal standards for review of a class and collective action settlement under Federal Rules of Civil Procedure Rule 23(e)(2) that are set forth above, the court found the settlement to be fair, reasonable, and adequate with one modification – the payment provision in ¶C.2.e. to Bennie Yarborough, declarant and consenting person, that is set forth in that same paragraph of the Settlement Agreement at Doc. 52.2 at 2 is corrected and approved from the

4

erroneous amount of $2,2212.00 to the corrected amount of $2,212.00. In reaching its determination, among other things, the court noted that the case has been actively prosecuted and defended since the complaint was first filed in this court in April 2013. Pertinent legal issues and disputes in discovery have been vigorously contested. The case also involved arms-length settlement negotiations with the assistance of a trained and experienced mediator well known to this Court. Doc. 37, Doc. 48, and Doc. 51-2 at 1 (¶C). Through those efforts, a proposed Settlement Agreement was agreed to by the parties. Doc. 52-2 at 1 (¶C).

The general duty of the court is to ensure that the settlement is (1) fair to all class members, (2) reasonable in relation to the merits of their claims, and (3) adequate to redress any injuries suffered. *See, e.g., Vicente Jimenez-Orozco, et al. v. Baker Roofing Company, et al.*, Civil Action No. 5:05-CV-14-FL (E.D.N.C. Order filed July 28, 2008), p. 4. After careful consideration of the record, matters taken up at hearing, and also for the reasons set forth in the court's order of April 22, 2014 (Doc. 56), in its ruling on preliminary approval of the proposed class settlement, the court found and continues to find the objectives achieved. The court approves the Notice of Final Approval of Settlement, Right to Participate and Right to be Excluded from Class form, the attached Claim for Settlement Payment and Consent to Sue form, and the attached Request to be Excluded from Class form attached to the Joint Motion filed by the parties. The Court also finally approves the proposed settlement with the modification to ¶C.2.e. that the Court has described in this Order, *infra*, at 4. The proposed Notice of Final Approval, along with the Claim Form and the Request to be Excluded concisely and clearly state in easily understood language the prospective class member's right to participate in the settlement, the amount to which the prospective class member is entitled under the settlement, the method by which the

5

Case 5:13-cv-00257-D   Document 67   Filed 09/15/14   Page 5 of 7

prospective class member may make a claim for payment or alternatively, may request to be excluded from the class, and the binding effect of the class judgment on class members.

The method of serving the Notice of Final Approval of Settlement, Right to Participate and Right to be Excluded from Class form, Claim for Settlement Payment and Consent to Sue form, and Request to be Excluded from Class notice shall be by the same methods that the court approved in its Order Approving Content of Notice to Class and Methods of Distribution of Class Notice filed on April 22, 2014 (Doc. 58). The Notice shall be in English to each prospective class member who previously received the first notice. The mailing of these will be handled by counsel for the plaintiff class.

The envelope containing the notices and forms shall state on the front in large letters in English "Court Approved Notice." The return address on the envelope shall be the address of the Law Office of Robert J. Willis, P.A., which shall be identified as "Notice Administrator for U.S. District Court." There shall be nothing other than the notice and the forms in each envelope. Notices to all putative class member identified as set forth above shall be mailed no later than 30 days from the date this Order is filed by the court.

CONCLUSION

For the reasons and on the terms set forth above, the parties' joint motion for final approval of class settlement and of final notice to class and claims forms is ALLOWED with the modification to ¶C.2.e. of the Settlement Agreement (Doc. 52-2) for the amount of the payment to Bennie Yarborough, declarant and consenting person, that is set forth in ¶C.2.e. of the present Settlement Agreement at Doc. 52.2 at 2 from the erroneous amount of $2,2212.00 to the corrected amount of $2,212.00.

SO ORDERED. This **15** day of September 2014.

*[signature]*
JAMES C. DEVER III
Chief United States District Judge